DECISION AND JUDGMENT ENTRY
{¶ 1} Arnold Bentley ("Appellant") appeals his conviction in the Adams County Court for OVI in violation of R.C.4511.19(A)(1). Appellant contends that the trial court's decision was based on insufficient evidence and was against the manifest weight of the evidence. Because we find there was substantial evidence to show that all the elements of R.C. 4511.19(A)(1) were proven beyond a reasonable doubt, and because we find the trial court's judgment was not against the manifest weight of the evidence, we affirm its decision.
 {¶ 2} On May 24, 2003, at approximately 8:54 p.m., Appellant was driving his vehicle eastbound on State Route 125 near milepost 16 in Brush Creek Township, Adams County, Ohio. At the same time, an Ohio State Highway Patrol Trooper ("Trooper") was patrolling westbound on State Route 125 near milepost 16 when he observed Appellant driving at a high rate of speed. At that point, the Trooper checked Appellant's vehicle with his K-55 radar and determined Appellant was traveling at a speed of 67 miles per hour in a 55 mile per hour zone. Subsequently, the Trooper activated his lights and conducted a traffic stop on Appellant.
 {¶ 3} Upon approaching Appellant's vehicle, the Trooper immediately smelled a strong odor of burnt marijuana emanating from the vehicle. The Trooper also observed that Appellant's eyes were bloodshot. The Trooper asked Appellant to exit his vehicle; after Appellant exited, the Trooper smelled a strong odor of burnt marijuana on Appellant's person. The Trooper conducted a search of Appellant at this time and found no marijuana present on Appellant's person. The Trooper then asked Appellant to perform a series of field sobriety tests. Appellant performed the walk and turn test and performed poorly on this test. Appellant began the test too soon after he was given the instructions. Additionally, the Trooper detected three clues while Appellant performed the test: Appellant raised his arms for balance, turned improperly and swayed back and forth during the test. Appellant also performed the one leg stand test, and the Trooper detected two clues on the one leg stand test: Appellant swayed throughout the test and raised his arms for balance. Following these tests, the Trooper placed Appellant under arrest for driving under the influence of drugs of abuse in violation of R.C. 4511.19(A)(1).
 {¶ 4} After placing Appellant under arrest, the Trooper conducted a search of Appellant's vehicle. The search did not yield any evidence. The Trooper then conducted interviews with the three passengers in Appellant's vehicle and discovered that Appellant had smoked marijuana at his home only minutes prior to the traffic stop. Following the interviews, the Trooper transported Appellant to Adams County Jail. Appellant was read the BMV 2255 form; he signed it and stated that he understood it. Thereafter, Appellant refused to submit to a urine test.
 {¶ 5} On March 15 and 16, 2005, this matter came before the Adams County Court for a jury trial. After hearing the evidence, the jury found Appellant guilty of driving under the influence of drugs of abuse in violation of R.C. 4511.19(A)(1). Appellant now appeals that decision, asserting two assignments of error:
 {¶ 6} I. THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW AND TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, IN THAT THERE WAS INSUFFICIENT EVIDENCE ADDUCED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT.
 {¶ 7} II. THE JUDGMENT OF CONVICTION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 8} In his first assignment of error, Appellant argues that there was insufficient evidence for a jury to convict him. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, 574 N.E.2d 492, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. A claim of insufficient evidence raises a question of law, the resolution of which does not allow the court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. The sufficiency of the evidence standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Jackson, supra, at 319.
 {¶ 9} The jury below heard the testimony of both the Trooper and Appellant. The Trooper presented evidence that he stopped Appellant for traveling twelve miles per hour in excess of the speed limit. The Trooper testified that Appellant's car had a strong odor of burnt marijuana emanating from it and that Appellant had bloodshot eyes and an odor of burnt marijuana coming from his person. The Trooper also testified that Appellant performed poorly on both the one leg stand and the walk and turn field sobriety tests. The Trooper's cruiser video, which was viewed by the jury, demonstrated an inability by Appellant to follow the Trooper's directions, as well as his poor performance on the field sobriety tests. The Trooper testified that his investigation revealed that Appellant had smoked marijuana only moments prior to the traffic stop at his home. Additionally, the Trooper testified that Appellant refused to submit to a urine test to screen for the presence of illegal drugs in his system following his arrest. Appellant testified that his arthritis may have affected his performance on the field sobriety tests. He further testified that on the night in question, his eyes appeared bloodshot because he has high blood pressure.
 {¶ 10} Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of the crime were established beyond a reasonable doubt. The evidence presented would convince the average mind of the Appellant's guilt beyond a reasonable doubt. Appellant's first assignment of error, therefore, is not well taken.
 {¶ 11} In his second assignment of error, Appellant argues that his conviction was against the manifest weight of the evidence. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence produced at trial attains the high degree of probative force and certainty required of a criminal conviction. State v. Getsy (1998), 84 Ohio St.3d 180, 193,702 N.E.2d 866. The reviewing court sits, essentially, as a thirteenth juror and may disagree with the fact finder's resolution of the conflicting testimony. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting Tibbs v.Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility is generally an issue for the trier of fact to resolve. State v. Thomas (1982), 70 Ohio St.2d 79, 80,434 N.E.2d 1356; State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus, 227 N.E.2d 212. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins,
supra, at 387, quoting Martin, supra, at 175. On the other hand, we will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all the elements had been established beyond a reasonable doubt. Getsy, supra, at 193-94, quotingState v. Eley (1978), 56 Ohio St.2d 169, syllabus,383 N.E.2d 132.
 {¶ 12} As discussed supra, the Trooper and Appellant both testified in great detail before the jury. Reviewing the evidence as would a thirteenth juror, we do not find that the jury in the case sub judice lost its way or created such a manifest miscarriage of justice that Appellant's conviction must be reversed. The evidence introduced presents substantial grounds upon which the jurors could reasonably conclude the elements required in R.C. 4511.19(A)(1) were established beyond a reasonable doubt. Thus, Appellant's second assignment of error is overruled.
 {¶ 13} Because we find that there was sufficient evidence presented to convince the average mind of Appellant's guilt beyond a reasonable doubt, and because we find that the evidence adduced meets the high degree of probative force and certainty required for a criminal conviction, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J.: Concurs in Judgment Only.
Abele, J.: Concurs in Judgment and Opinion.